MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

CELVIN LISANDRO PEREZ RAMOS,
MIGUEL AVILES, and ALEJANDRO
ROSAS FLORES, *individually and on behalf*
*of others similarly situated,*

       *Plaintiffs,*

   -against-

BDJVEGAN1, INC. (d/b/a BLOSSOM DU
JOUR), BDJVEGAN2, INC. (d/b/a
BLOSSOM DU JOUR), BDJVEGAN4, INC.
(d/b/a BLOSSOM DU JOUR), BDJVEGAN5
INC. (d/b/a BLOSSOM DU JOUR), and
PAMELA ELIZABETH BLACKWELL,

       *Defendants.*
--------------------------------------------------------X

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

   Plaintiffs Celvin Lisandro Perez Ramos, Miguel Aviles, and Alejandro Rosas Flores,

individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through

their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as

against BDJVEGAN1, Inc. (d/b/a Blossom Du Jour)  BDJVEGAN2, Inc. (d/b/a Blossom Du

Jour), BDJVEGAN4, Inc. (d/b/a Blossom Du Jour), BDJVEGAN5 Inc. (d/b/a Blossom Du Jour)

("Defendant Corporations"), and Pamela Elizabeth Blackwell, allege as follows:

**NATURE OF THE ACTION**

1.      Plaintiffs are former employees of defendants BDJVEGAN1, Inc. (d/b/a Blossom Du Jour) BDJVEGAN2, Inc. (d/b/a Blossom Du Jour), BDJVEGAN4, Inc. (d/b/a Blossom Du Jour), BDJVEGAN5 Inc. (d/b/a Blossom Du Jour) ("Defendant Corporations"), and Pamela Elizabeth Blackwell (collectively, "Defendants").

2.      Defendants own, operate, or control a chain of vegan restaurants located around Manhattan, including 165 Amsterdam Avenue, New York, New York 10023 (hereinafter the 67th Street location"), 449 Amsterdam Avenue New York 10025 (hereinafter the "82nd Street location"), 259 West 23rd Street New York 10011 (hereinafter  "the 23rd street location"), 617 9th Avenue, New York 10036 (hereinafter  "the 9th Avenue location"), and 15 East 13th Street New York 10003 (hereinafter "the 13th Street location") all operating under the trade name "Blossom du Jour."

3.      Upon information and belief, individual defendant Pamela Elizabeth Blackwell serves as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates all of the Blossom Du Jour restaurants as a joint or unified enterprise.

4.      Plaintiffs ostensibly were employed as delivery workers.

5.      However, they were required to spend a considerable part of their work day performing non-tipped, non-delivery duties including but not limited to, various restaurant duties such as washing dishes, preparing food, cleaning and organizing the restaurant, preparing guacamole, pico de gallo, cooking sweet potato, cutting vegetables, sweeping and mopping, cleaning the bathroom, windows, and refrigerator, going to and from other Blossom Du Jour locations to pick up items, twisting and tying up cardboard boxes, taking out the garbage, cleaning the sidewalk, and stocking deliveries in the basement or the first floor (hereinafter the

"non-tipped, non-delivery duties").

6.    At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and/or overtime compensation for the hours that they worked.

7.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately either at the straight rate or at overtime compensation for any hours worked.

8.    Defendants employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality Plaintiffs' duties required greater or equal time spent in non-tipped, non-delivery duties.

9.    Regardless, at all times Defendants paid Plaintiffs at a rate that was lower than either the minimum wage rate or the required tip-credit rate.

10.   In addition, under state law, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever was less in each day (12 N.Y. C.R.R. §146-2.9).

11.   Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and enabled them to pay plaintiffs at the tip-credit rate, and they still failed to pay it.

12.   At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work without providing the minimum wage or overtime compensation required by federal and state law and regulations.

13.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

14.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

16.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a chain of vegan restaurants located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiffs*

17.     Plaintiff Celvin Lisandro Perez Ramos ("Plaintiff Perez" or "Mr. Perez") is an adult individual residing in Queens County, New York. Plaintiff Perez was employed by Defendants from approximately October 2014 until on or about October 10, 2016.

18.     Plaintiff Perez was employed by Defendants at the 67th street location from

approximately October 2014 until on or about June 2015 and at the 82nd Street location from approximately June 2015 until on or about October 2016.

19.    Plaintiff Miguel Aviles ("Plaintiff Aviles" or "Mr. Aviles") is an adult individual residing in New York County, New York. Plaintiff Aviles was employed by Defendants at the West 23rd Street location from approximately April 2013 until on or about October 28, 2016.

20.    Plaintiff Alejandro Rosas Flores ("Plaintiff Rosas" or "Mr. Rosas") is an adult individual residing in Bronx County, New York. Plaintiff Rosas was employed by Defendants from approximately November 2013 until on or about October 28, 2016.

21.    Plaintiff Rosas was employed by Defendants from approximately November 2013 until on or about March 2016 at the 67th Street location, from approximately March 2016 through September 2016 at the 13th Street location and from approximately September 2016 until on or about October 2016 at the 23rd Street location.

*Defendants*

22.    At all relevant times, Defendants owned, operated, or controlled a chain of vegan restaurant located at different locations around Manhattan, including 165 Amsterdam Avenue, New York, New York 10023 ("the 67th Street location"), 449 Amsterdam Avenue New York 10025 (the "82nd Street location"), 259 West 23rd Street New York 10011 ("the23rd street location"), 617 9th Avenue(New York 10036 "the 9th Avenue location"), and 15 East 13th Street New York 10003 ( "the 13th Street location") all operating under the trade name "Blossom du Jour". Since approximately September 2014, Defendants also, through other corporations, operates three sit-down restaurants under the "Blossom" name in Manhattan, and a bakery known as "Blossom Bakery."

23.    Upon information and belief BDJVEGAN1, Inc. (d/b/a Blossom Du Jour),

- 5 -

BDJVEGAN2, Inc. (d/b/a Blossom Du Jour), BDJVEGAN4, Inc. (d/b/a Blossom Du Jour), and BDJVEGAN5, Inc. (d/b/a Blossom Du Jour), ("Defendant Corporations") are domestic corporations organized and existing under the laws of the State of New York.

24.     Upon information and belief, BDJVEGAN1, Inc. (d/b/a Blossom Du Jour) has its principal place of business at 259 West 23rd Street, New York, New York 10011.

25.     Upon information and belief, BDJVEGAN2, Inc. (d/b/a Blossom Du Jour) has its principal place of business at 165 Amsterdam Avenue, New York, 10023.

26.     Upon information and belief, BDJVEGAN4, Inc. (d/b/a Blossom Du Jour) has its principal place of business at 449 Amsterdam Avenue, New York, 10024.

27.     Upon information and belief, BDJVEGAN5, Inc. (d/b/a Blossom Du Jour) has its principal place of business at 15 E 13th Street, New York, 10003.

28.     Defendant Pamela Elizabeth Blackwell is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Pamela Elizabeth Blackwell is sued individually in her capacity as owner, officer and/or agent of the Defendant Corporations. Defendant Pamela Elizabeth Blackwell possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. She determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendants operate a chain of vegan restaurants located in Manhattan in New York City.

30.     The individual defendant, Pamela Elizabeth Blackwell possesses operational control over Defendant Corporations, possesses an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35.     Upon information and belief, Individual Defendant Pamela Elizabeth Blackwell operates Defendant Corporations as either alter egos of herself , and/or fails to operate Defendant Corporations as entities legally separate and apart from herself, by, among other things:

(a)      failing to adhere to the corporate formalities necessary to operate Defendant Corporations as  separate and legally distinct entities;

(b)      defectively forming or maintaining Defendant Corporations, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)      transferring assets and debts freely as between all Defendants;

(d)      operating Defendant Corporations for her own benefit as the sole or majority shareholder;

(e)      operating Defendant Corporations for her own benefit and maintaining control over these corporations as  closed corporations or closely controlled entities;

(f)      intermingling assets and debts of her own with Defendant Corporations;

(g)      diminishing and/or transferring assets of Defendant Corporations to protect her own interests; and

(h)      other actions evincing a failure to adhere to the corporate form.

36.      At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.      In each year from 2013 to 2016, Defendants, both separately and jointly (including other entities operated under the "Blossom Du Jour" name whose activities are so coordinated with the Defendants to form a joint enterprise), had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

39.     Plaintiffs are former employees of Defendants who ostensibly were employed as delivery workers. However, they spent a considerable amount of time performing the non-tipped, non-delivery duties described above.

40.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Celvin Lisandro Perez Ramos*

41.     Plaintiff Perez was employed by Defendants at the 67th street location from approximately October 2014 until on or about June 2015 and at the 82nd Street location from approximately June 2015 until on or about October 2016.

42.     Defendants ostensibly employed Plaintiff Perez as a delivery worker.

43.     However, Plaintiff Perez was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

44.     Although Plaintiff Perez was ostensibly employed as a delivery worker, he spent over 25% of the time he worked each day performing non-delivery work throughout his employment with Defendants.

45.     Mr. Perez's work duties required neither discretion nor independent judgment.

46.     Mr. Perez regularly handled goods in interstate commerce, such as foods and other supplies produced outside of the State of New York.

47.     From approximately October 2014 until on or about June 2015, Mr. Perez worked at the 67th Street location from approximately 4:00 p.m. until on or about 10:30 p.m. two days a week, and from approximately 4:00 p.m. until on or about 11:00 p.m. four days a week (typically 41 hours per week).

48.     From approximately June 2015 until on or about March 2016, Plaintiff Perez worked at the 82nd Street location from approximately 3:00 p.m. until on or about 10:30 p.m. Wednesdays through Sundays (typically 37.5 hours per week).

49.     From approximately October 2014 until on or about March 2016, Plaintiff Perez was paid his wages in cash.

50.     From approximately October 2014 until on or about June 2015, Defendants paid Plaintiff Perez $6.00 per hour.

51.     From approximately June 2015 until on or about March 2016, Defendants paid Plaintiff Perez $7.00 per hour.

52.     Defendants never granted Mr. Perez break periods of any kind during his work hours.

53.     Plaintiff Perez was never notified by Defendants that his tips were being included as an offset for wages.

54.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Perez's wages.

55.     Defendants did not provide Plaintiff Perez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

56.     No notification, either in the form of posted notices or other means, was given to Plaintiff Perez regarding overtime and wages under the FLSA and NYLL.

- 10 -

57.    Defendants never provided Plaintiff Perez with a written notice, in English and in Spanish (Plaintiff Perez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58.    Defendants required Plaintiff Perez to purchase "tools of the trade" with his own funds—including two bicycles, one helmet, a lock and chain,  2 sets of lights, a raincoat, and two pairs of boots.

*Plaintiff Miguel Aviles*

59.    Plaintiff Aviles was employed by Defendants at the 23rd Street location from approximately April 2013 until on or about October 2016.

60.    Defendants ostensibly employed Plaintiff Aviles as a delivery worker.

61.    However, Plaintiff Aviles was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

62.    Although Plaintiff Aviles was ostensibly employed as a delivery worker, he spent more than 25% of his work time each day performing non-delivery work throughout his employment with Defendants.

63.    Mr. Aviles' work duties required neither discretion nor independent judgment.

64.    Mr. Aviles regularly handled goods in interstate commerce, such as foods and other supplies produced outside of the State of New York.

65.    From approximately April 2013 until on or about April 2014, Mr. Aviles worked from approximately 8:00 a.m. until on or about 3:00 p.m. Mondays, Wednesdays, Thursdays, and Fridays and from approximately 12:00 p.m. until on or about 10:00 p.m. Sundays (typically 38 hours per week).

66.    From approximately April 2014 until on or about September  2014, Plaintiff

Aviles worked from approximately 8:00 a.m. until on or about 3:00 p.m. Mondays, Thursdays, and Fridays, from approximately 4:00 p.m. until on or about 10:00 p.m. on Tuesdays, and from approximately 9:00 a.m. until on or about 10:00 p.m. on Sundays (typically 38 hours per week).

67.     From approximately October 2014 until on or about March 2016, Plaintiff Aviles worked from approximately 8:00 a.m. until on or about 3:00 p.m. Mondays, Thursdays, Fridays and Saturdays and from approximately 4:00 p.m. until on or about 10:00 p.m. on Tuesdays (typically 34 hours per week).

68.     From approximately April 2013 until on or about March 2016, defendants paid Plaintiff Aviles his wages in cash.

69.     From approximately April 2013 until on or about June 2015, Defendants paid Plaintiff Aviles $6.00 per hour.

70.     From approximately June 2015 until on or about March 2016, defendants paid Plaintiff Aviles $7.00 per hour.

71.     Defendants never granted Mr. Aviles break periods of any kind during his work hours.

72.     Plaintiff Aviles was never notified by Defendants that his tips were being included as an offset for wages.

73.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Aviles' wages.

74.     Defendants did not provide Plaintiff Aviles with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

75.     No notification, either in the form of posted notices or other means, was given to Plaintiff Aviles regarding overtime and wages under the FLSA and NYLL.

76. Defendants never provided Plaintiff Aviles with a written notice, in English and in Spanish (Plaintiff Aviles' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

77. Defendants required Plaintiff Aviles to purchase "tools of the trade" with his own funds—including two bicycles, one helmet, a lock and chain, 4 sets of lights, a raincoat, and two pairs of boots.

*Plaintiff Alejandro Rosas Flores*

78. Plaintiff Rosas was employed by Defendants from approximately November 2013 until on or about March 2016 at the 67th Street location, from approximately March 2016 through September 2016 at the 13th Street location and from approximately September 2016 until on or about October 2016 at the 23rd Street location.

79. Defendants ostensibly employed Plaintiff Rosas as a delivery worker.

80. However, Plaintiff Rosas was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

81. Although Plaintiff Rosas was ostensibly employed as a delivery worker, he spent more than 25% of his work time each day performing non-delivery work throughout his employment with Defendants.

82. Plaintiff Rosas regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

83. Plaintiff Rosas' work duties required neither discretion nor independent judgment.

84. From approximately November 2013 until on or about March 2016, Plaintiff Rosas  worked from approximately 8:00 a.m. until on or about 3:00 p.m. Mondays through Fridays at the 67th Street location (typically 35 hours per week).

85.     From approximately November 2013 until on or about March 2016, Plaintiff Rosas was paid his wages in cash.

86.     From approximately October 2013 until on or about June 2015, defendants paid Plaintiff Rosas $6.00 per hour.

87.     From approximately June 2015 until on or about March 2016, defendants paid Plaintiff Rosas $7.00 per hour.

88.     Defendants never granted Mr. Rosas break periods of any kind during his work hours.

89.     Plaintiff Rosas was never notified by Defendants that his tips were being included as an offset for wages.

90.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Rosas' wages.

91.     Furthermore, Defendants did not provide Plaintiff Rosas with a statement of wages with each payment of wages, as required by NYLL 195(3).

92.     No notification, either in the form of posted notices or other means, was given to Plaintiff Rosas regarding overtime and wages under the FLSA and NYLL.

93.     Defendants did not give any notice to Plaintiff Rosas, in English and in Spanish (Plaintiff Rosas' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

94.     Defendants required Plaintiff Rosas  to purchase "tools of the trade" with his own funds, including two bicycles, two chains, four sets of bike lights and three pairs of rain boots.

*Defendants' General Employment Practices*

95.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours per week without paying them appropriate minimum wage or  overtime pay as required by federal and state laws.

96.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

97.     At no time did Defendants inform Plaintiffs that they had reduced their hourly wage by a tip allowance.

98.     Defendants required Plaintiffs to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

99.     Plaintiffs were employed ostensibly as tipped employees by Defendants, although their actual duties included spending more than 20% of their time performing non-tipped duties.

100.     Plaintiffs were paid at a rate that was below either the minimum wage rate or the tip-credit rate required by NYLL.

101.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day he works for two hours or more, or 20 percent of his shift, performing non-tipped work.  (12 N.Y.C.R.R. §146-2.9). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

102.     Plaintiffs' duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped, non-delivery duties described herein.

103.    In violation of federal and state law, as discussed above, Defendants classified Plaintiffs as tipped employees and did not pay them at the minimum wage or the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

104.    Defendants failed to inform Plaintiffs that their tips would be credited towards the payment of the minimum wage.

105.    Throughout the period of time relevant to this lawsuit, Defendants paid Plaintiffs their wages in cash.

106.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

107.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

108.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former delivery workers.

109.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

110.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

111.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

112.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

- 17 -

113.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or were similarly situated, have had substantially similar job requirements and pay provisions.

114.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or were similarly situated, were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

115.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

116.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

117.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

118.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

119.    Defendants constituted an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

120.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

121.   Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

122.   Plaintiffs, and the putative FLSA Class members, were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

123.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124.   Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

125.   Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

126.   Plaintiffs, and the putative FLSA Class members, were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

127.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

128.   At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

129.   Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

130.    Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

131.    Plaintiffs, and the putative FLSA Class members, were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

132.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

134.    Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

135.    Plaintiffs, and the putative FLSA Class members, were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

137.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

138.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if

any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

139.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

140.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

141.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

142.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

143.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

144.    Defendants required Plaintiffs to pay, without reimbursement, the costs and

expenses for purchasing and maintaining equipment and "tools of the trade" required to perform

their jobs, such as bicycles, further reducing their wages in violation of the FLSA and NYLL.  29

U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

145.    Plaintiffs, and the putative FLSA Class members, were damaged in an amount to

be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against

Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of

notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the

pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the

FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective

collective class members);

(c)    Declaring that Defendants violated the overtime wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective

collective class members);

(d)    Declaring that Defendants violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours,

wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful

- 22 -

as to Plaintiffs;

     (f)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

     (g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

     (h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

     (i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

     (j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

     (k)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs;

     (l)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages under the NYLL, as applicable;

     (m)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

     (n)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred

percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
          November 11, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
          Michael Faillace
          MICHAEL FAILLACE & ASSOCIATES, P.C.
          60 East 42nd Street, suite 2540
          New York, New York 10165
          Telephone: (212) 317-1200
          Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

**Employment and Litigation Attorneys**

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 4, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        Alejandro Rosas Flores

Legal Representative / Abogado:        Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          04 de noviembre de 2016

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

**Employment and Litigation Attorneys**

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

November 4, 2016

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Celvin Lisandro Perez Ramos

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      04 de noviembre de 2016

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

**Employment and Litigation Attorneys**

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 4, 2016

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                         <u>Miguel Aviles</u>

Legal Representative / Abogado:        <u>Michael Faillace & Associates, P.C.</u>

Signature / Firma:

Date / Fecha:                          <u>04 de noviembre de 2016</u>

*Certified as a minority-owned business in the State of New York*